# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 14, 2022      Decided April 19, 2024

No. 20-3083

UNITED STATES OF AMERICA,
APPELLEE

v.

WAYNE HOLROYD,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cr-00234-2)

---

*Robin M. Earnest*, appointed by the court, argued the cause and filed the briefs for appellant.

*Kevin Birney*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Chrisellen R. Kolb* and *Elizabeth H. Danello*, Assistant U.S. Attorneys.

Before: HENDERSON and PILLARD, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Wayne Holroyd pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than 280 grams of a mixture and substance containing a detectable amount of crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). After his plea but before he was sentenced, the Congress amended the "safety valve" provision of the statute used to compute Holroyd's sentence, expanding the eligibility of a drug offender to be sentenced without regard to the statutory mandatory minimum. First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221. The district court subsequently sentenced Holroyd to the statutory minimum of 120 months' imprisonment dictated by 21 U.S.C. § 841(b)(1)(A). Holroyd contends that his counsel should have argued that he was eligible for sentencing without regard to the statutory minimum under the recently revised safety valve provision. *See* 18 U.S.C. § 3553(f). Because the United States Supreme Court recently rejected Holroyd's construction of one of the safety valve provision requirements, 18 U.S.C. § 3553(f)(1), we affirm the district court's sentence. *Pulsifer v. United States*, 144 S. Ct. 718, 725 (2024).[1]

**I.**

Holroyd was arrested in December 2017 and charged in a superseding indictment with one count of conspiracy and five related counts involving the unlawful possession and distribution of a controlled substance. In October 2018 Holroyd pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute more than 280 grams of crack

---

[1] We heard oral argument in this appeal in October 2022, shortly before the Supreme Court granted review in *Pulsifer*. *See Pulsifer v. United States*, 143 S. Ct. 978 (2023) (granting certiorari). By order dated January 23, 2023, we held Holroyd's appeal in abeyance pending *Pulsifer*'s resolution. Order, ECF Doc. # 1982528.

cocaine in exchange for the government's agreement to drop the other counts. Holroyd attested in the agreement and at sentencing that he had reviewed and understood the terms of his plea agreement.

Two provisions of Holroyd's plea agreement are relevant. First, the plea agreement specified that, regardless of the sentencing guidelines range otherwise calculated, Holroyd's conviction carried a mandatory minimum sentence of 120 months. The agreement did not stipulate Holroyd's appropriate criminal history category or sentencing guideline range. The government contended that the district court should classify Holroyd as a "career offender," *see* U.S.S.G. § 4B1.1, due to his two past convictions for controlled substance offenses, and thus increase his potential sentence from 87–108 months to 262–327 months. The plea agreement specifically stated that both parties retained the option to argue about the appropriate sentencing guideline range based on Holroyd's criminal history at the sentencing hearing. Second, Holroyd waived his right to appeal his sentence except as to a sentence above the statutory maximum or applicable guidelines range or an ineffective assistance of counsel claim.

One month after his plea hearing, Holroyd's counsel moved to withdraw from the case and Holroyd personally wrote the district court to withdraw his plea. The district court appointed new counsel to represent Holroyd and, after consulting with that counsel, Holroyd abandoned his motion to withdraw his guilty plea.

At Holroyd's sentencing hearing in May 2019, the government no longer sought to treat Holroyd as a career offender, notwithstanding the Probation Office's recommendation to do so, and requested the court to sentence him to the mandatory minimum of 120 months' imprisonment.

Holroyd's counsel argued that he was not a career offender and should receive only the statutory minimum sentence in light of his age, the long time period between his past and current convictions and his intervening good behavior. Counsel agreed that Holroyd faced the mandatory minimum but requested that the Court sentence him to no more than 120 months' imprisonment.

At some point, Holroyd asked his counsel to argue that he was eligible to avoid the statutory minimum based on the recently amended safety valve provision, 18 U.S.C. § 3553(f). *See* First Step Act § 402. Instead, his counsel informed the district court that, although Holroyd believed that he was eligible to avoid the mandatory minimum sentence, counsel disagreed. Counsel further informed the district court that he had "promised" Holroyd that he would "review it after the sentencing and file a motion for reconsideration if there is an argument to pursue on that basis." App. 104–05. The district court then sentenced Holroyd to the 120-month mandatory minimum. Holroyd's counsel did not move for reconsideration.

## II.

In 1994 the Congress added a safety valve provision to the sentencing guidelines to prevent a less culpable drug trafficking offender from receiving the same sentence as a more culpable offender due to the mandatory minimum sentences associated with their crimes. Mandatory Minimum Sentencing Reform Act of 1994, Pub. L. No. 103-322, § 80001, 108 Stat. 1796, 1985–86 (codified as amended at 18 U.S.C. § 3553(f)); *see In re Sealed Case*, 105 F.3d 1460, 1461 (D.C. Cir. 1997) (citing H.R. REP. NO. 103-460, at 4 (1994)); *see also Dorsey v. United States*, 567 U.S. 260, 285 (2012) (Congress enacted section 3553(f) to allow drug offender with minimal criminal history to avoid a mandatory minimum sentence).

Fourteen years later, the Congress amended the safety valve to relax the criminal-history disqualifications under 18 U.S.C. § 3553(f)(1) and to expand a minor drug offender's eligibility. First Step Act § 402.

The amended safety valve provision requires the court to sentence a defendant "without regard to any statutory minimum sentence" if it finds:

> (1) the defendant does not have—
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> >
> > (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> >
> > (C) a prior 2-point violent offense, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the

offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(1)–(5).

Holroyd contends his counsel was constitutionally ineffective in representing him at sentencing because counsel failed to give the correct interpretation to 18 U.S.C. § 3553(f)(1). He argues that his two past convictions did not exclude him from the safety valve under section 3553(f)(1) because the word "and" between subparagraphs (B) and (C) must be read conjunctively so that only a defendant who has convictions satisfying (A), (B) *and* (C) cumulatively is ineligible. Holroyd insists that, had his counsel argued that he satisfied 18 U.S.C. § 3553(f)(1) because his past convictions did not trigger subparagraphs (A), (B) *and* (C), the district court could have sentenced him below 21 U.S.C. § 841(b)'s mandatory minimum sentence. The district court instead sentenced him to the mandatory minimum of 120 months' imprisonment.

**III.**

A defendant who first raises an ineffective assistance argument on appeal must provide "factual allegations that, if true, would establish a violation of his Sixth Amendment right to counsel." *United States v. Mohammed*, 693 F.3d 192, 202 (D.C. Cir. 2012) (alterations accepted) (quoting *United States v. Poston*, 902 F.2d 90, 99 n.9 (D.C. Cir. 1990)). The allegations must establish that his counsel's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

We ordinarily remand an ineffective assistance of counsel claim first raised on appeal for an evidentiary hearing in district court unless it is "clear from the record that counsel was or was not ineffective, or that the supposed defect in representation amounted to a strategic choice by defense counsel." *United States v. Weaver*, 281 F.3d 228, 233–34 (D.C. Cir. 2002). In addition, we do not remand an ineffective assistance claim if the record manifests the defendant was not prejudiced. *See, e.g.*, *United States v. Udo*, 795 F.3d 24, 30 (D.C. Cir. 2015) ("Here, remand is not needed because the record makes clear that [the defendant] is not entitled to relief."). Finally, we have foregone remand if the defendant alleges his counsel was ineffective by failing to raise an "obvious" legal argument; instead, we have exercised *de novo* review of the purely legal question. *United States v. Winstead*, 890 F.3d 1082, 1090 (D.C. Cir. 2018) ("[W]e would normally remand serious claims of ineffective assistance to the district judge to determine whether effective counsel could have changed the result . . . . But this is

an unusual case. The textual issue is a purely legal question.").[2] Because Holroyd's ineffective assistance claim turns on the resolution of a purely legal question, we conclude that remand is unnecessary.

Holroyd alleges his counsel at sentencing was ineffective because he failed to read 18 U.S.C. § 3553(f)(1) so as to make Holroyd eligible for the safety valve. The sentencing hearing transcript shows that, despite Holroyd's request, defense counsel declined to argue that Holroyd was eligible to avoid the mandatory minimum sentence. Instead, counsel conceded that the statutory minimum, 21 U.S.C. § 841(b)(1)(A), applied to Holroyd. If counsel had made Holroyd's requested argument and the district court had adopted it, Holroyd could have been sentenced to between 87–108 months' imprisonment instead of 120 months'.

For Holroyd's ineffective assistance argument to succeed, he must demonstrate both that: (1) counsel's decision not to argue at sentencing or to move for reconsideration on the basis of Holroyd's eligibility for the safety valve was objectively deficient representation; and (2) his counsel's decision prejudiced him at sentencing—*i.e.*, there was a reasonable probability that, but for counsel's decision, he would have received a different sentence. *Strickland*, 466 U.S. at 687. Both

---

[2] In *United States v. Winstead*, we held that defense counsel's failure to raise a textual argument at sentencing—"the only serious argument the defendant had in the entire case"—was deficient. 890 F.3d at 1090. We concluded that a remand was unnecessary, however, because "[t]he textual issue is a purely legal question" and "[i]f accepted, [ ] would make an enormous difference to Appellant's sentence." *Id.* We chose to review the defendant's argument *de novo* or "as if it had been raised below." *Id.*

prongs turn on the purely legal question whether Holroyd's proposed interpretation of section 3553(f)(1) was correct.

The Supreme Court recently adopted a different construction of the safety valve provision. *See Pulsifer*, 144 S. Ct. at 725. The Court held that a defendant satisfies the criminal-history requirement only when he "does not have" more than 4 criminal-history points, excluding 1-point offenses; "does not have" a prior 3-point offense; *and* "does not have" a prior 2-point violent offense. *Id.* at 725. If he meets any of Paragraph (f)(1)'s disqualifying criteria, he is ineligible for the safety valve. *Id.* Thus, Paragraph (f)(1) "creates an eligibility checklist." *Id.* at 731.

The Supreme Court first addressed Paragraph (f)(1)'s grammatical structure, concluding it supports two possible constructions: Pulsifer's interpretation that only a defendant with the full package—4 criminal-history points, a prior 3-point offense, *and* a prior 2-point violent offense—is ineligible for the safety valve; and the government's interpretation that a defendant with any of the Paragraph (f)(1) criteria is ineligible. *Id.* at 726.

Because the text on its own could support either construction, the Supreme Court turned to Paragraph (f)(1)'s context. Pulsifer's (and Holroyd's) interpretation would render subparagraph (f)(1)(A) superfluous because subparagraphs (B) and (C) already add up to 5 criminal-history points. *Id.* at 731–33. That reading would also deny the provision's role as a "gatekeeper" by extending leniency to a defendant with more serious offenses. *Id.* at 733–34. For example, Pulsifer's reading would give safety valve eligibility to a serial offender with 15 criminal-history points computed from five 3-point offenses but offer no relief to an offender with a single 3-point offense and a single 2-point violent offense. *Id.* at 734. Instead, under

the High Court's interpretation, a defendant cannot have *any* of Paragraph (f)(1)'s criteria to qualify for the safety valve. *Id.* at 737.

Holroyd concedes that he has a 6-point criminal history based on two previous 3-point offenses. He therefore does not satisfy subparagraphs (f)(1)(A) or (B). *See Pulsifer*, 144 S. Ct. at 737 (finding Pulsifer ineligible because he had "two prior three-point offenses totaling six points"). Because Holroyd is ineligible for the safety valve, his counsel's decision not to argue Holroyd's eligibility was not deficient and did not prejudice Holroyd. *See Udo*, 795 F.3d at 33 (holding defendant was not prejudiced because there was "no reasonable probability that the outcome of the trial would have been different had [defendant]'s counsel done all that [the defendant] now argues he should have").

For the foregoing reasons, we affirm the judgment of the district court.

*So ordered*.